**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION- RALEIGH**
**CIVIL ACTION NO.: 5:16-cv-930**

| | |
|---|---|
| **MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**INDIAN HARBOR INSURANCE COMPANY,**<br><br>**Defendant**. | **NOTICE OF REMOVAL TO FEDERAL COURT** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Indian Harbor Insurance Company ("Indian Harbor") files this Notice of Removal to this Court from the General Court of Justice, Superior Court, Wake County, North Carolina based on diversity of citizenship and amount in controversy. In support of this Notice of Removal, Indian Harbor states:

1. Plaintiff Medical Mutual Insurance Company ("MMIC") brought this action against Indian Harbor in the Superior Court of Wake County of the State of North Carolina by filing a Complaint on October 25, 2016, which was docketed as Case No. 2016-CV-013303 (the "Complaint"). A copy of the Wake County Complaint is attached as Exhibit 1.

2. On November 7, 2016, Indian Harbor was served with a copy of the Complaint via substituted service upon the Commissioner of Insurance pursuant to the N.C. Gen. Stat. § 58-16-30. *See* Ex. 1 at 1; N.C. R. Civ. P. 4(j2)(2) ("Service shall be complete on the day the summons and complaint are delivered to the address.") See documents attached as Exhibit 1 and Exhibit 2.

3. Indian Harbor issued Insurance Company Professional Liability Policy No. ELU128426-13 to MMIC for the policy period of January 1, 2013 to January 1, 2014 (the "E&O

Policy"). The E&O Policy has a $5,000,000 limit of liability subject to a $1,000,000 per claim retention. MMIC has sought coverage under the E&O Policy in connection with a lawsuit filed against it by one of its policyholders, Dr. Arleen Thom, *Thom v. Medical Mutual Insurance Company of North Carolina*, Cumberland County Superior Court, Case No. 13-CVS-8513 (the "Thom Action"). The *Thom* Action alleges that MMIC mishandled and wrongfully failed to settle an underlying medical malpractice action brought against Dr. Thom, *Nicholson v. Thom*, Superior Court of Robeson County, Case No. 08-CVS-1845 (the "*Nicholson* Action"), for which MMIC afforded her coverage under a Physicians' and Surgeons' Professional Liability Insurance Policy. Indian Harbor disputes that coverage is available under the E&O Policy for certain legal fees and costs submitted by MMIC for coverage.

4. The basis for removal is diversity of citizenship jurisdiction. Pursuant to 28 U.S.C. § 1332(a), United States District Courts have original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and in which complete diversity exists between all plaintiffs and all defendants.

5. There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is now, and was at the time of the filing of this action, a citizen of North Carolina. It is a corporation organized under the laws of the North Carolina and with its principal place of business in North Carolina. *See* Ex. 1, Compl. ¶ 1 ("Medical Mutual, a North Carolina Corporation headquartered in Raleigh. . .").

6. Indian Harbor is now, and was at the time of the filing of this action, a citizen of Delaware and Connecticut. It is a corporation organized under the laws of Delaware and maintains its principal place of business in Connecticut. *See* Ex. 1, Compl. ¶ 2.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs. MMIC seeks coverage under the E&O Policy for certain legal fees and costs in the amount of $147,688.88 it allegedly incurred in the appeal of the *Nicholson* Action. *See* Ex. 1, Compl. ¶¶ 18-20. In its First Claim for Relief for breach of contract, MMIC seeks damages of $147,688.88. *Id*., Compl. ¶ 20; 28 U.S.C. § 1446(c)(2). In its Second Claim for Relief based upon the doctrine of *quantum meruit*, MMIC seeks $4,000,000. *Id*., Compl. ¶ 26; 28 U.S.C. § 1446(c)(2).

8. This Notice of Removal is timely. Service of the Complaint was effected upon the Commissioner of Insurance on November 7, 2016. N.C. Gen. Stat. § 58-16-30; Ex. 1 at 1; N.C. R. Civ. P. 4(j2)(2). This Notice has thus been filed with this Court within thirty (30) days of Indian Harbor's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446(b)(1).

9. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases. Pursuant to 28 U.S.C. § 1446(a), Indian Harbor represents that, apart from the Complaint and documents attached to the Complaint included as part of Exhibit 1, it has received no other process, pleadings, motions or orders in this action and Indian Harbor has not filed any papers or pleadings in the state court action.

10. Accordingly, the United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because there is diversity of citizenship among the necessary and properly named parties and, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000 and, therefore, removal is proper pursuant to 28 U.S.C. § 1441(a).

11. By filing this Notice of Removal, Indian Harbor does not waive any of its objections to personal jurisdiction or other affirmative defenses.

12. Pursuant to 28 U.S.C. § 1446, Indian Harbor is filing with this Notice of Removal a copy of all process, pleadings, and orders it has received. Copies of all such papers are attached as Exhibit 1.

13. A copy of this Notice of Removal will be served upon Plaintiff and filed with the Clerk of the Court for the Superior Court of Wake County of the State of North Carolina and thereby will notify the Clerk of General Court of Justice, Superior Court Division, Wake County, North Carolina in order to effect removal of this action to the United States District Court for the Eastern District of North Carolina, Western Division, pursuant to 28 U.S.C. § 1446(d). See Notice attached as Exhibit 3.

WHEREFORE, having established all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, Defendant Indian Harbor hereby removes this case to the United States District Court for the Eastern District of North Carolina, Western Division.

Respectfully submitted this 5th day of December, 2016.

**/s/ ALLEN C. SMITH**
**NC State Bar No. 19286**
**Hedrick Gardner Kincheloe & Garofalo, LLP**
**P.O. Box 30397**
**Charlotte, NC 28230**
**PH: (704) 366-1101**
**FAX: (704) 366-6181**
**acsmith@hedrickgardner.com**
***Counsel for Indian Harbor Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2016 I electronically filed the foregoing Notice of Removal to Federal Court with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed the document and sent via electronic correspondence to the following non-CM/ECF participant:


R. Steven DeGeorge
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-8380
E-mail: sdegeorge@rbh.com
*Counsel for Medical Mutual Insurance Company of North Carolina*


This the 5th day of December, 2016.


**/s/ ALLEN C. SMITH**
**NC State Bar No. 19286**
**Hedrick Gardner Kincheloe & Garofalo, LLP**
**P.O. Box 30397**
**Charlotte, NC 28230**
**PH: (704) 366-1101**
**FAX: (704) 366-6181**
**acsmith@hedrickgardner.com**
***Counsel for Indian Harbor Insurance Company***