16CV013303

STATE OF NORTH CAROLINA FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF WAKE CIVIL ACTION NO. _________

2016 OCT 25 P 12:32
WAKE COUNTY, C.S.C.
BY ____

RECEIVED
EXTON LEGAL
NOV 2 2 2016
Barb Brown

MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA,

Plaintiff,

v.

INDIAN HARBOR INSURANCE COMPANY,

Defendant.

**COMPLAINT**
**(Jury Demand)**

Plaintiff Medical Mutual Insurance Company of North Carolina ("Medical Mutual"), for its Complaint against Defendant Indian Harbor Insurance Company ("Indian Harbor"), alleges the following:

**FACTS**

1. Medical Mutual, a North Carolina corporation headquartered in Raleigh, provides malpractice insurance coverage to North Carolina physicians.

2. Indian Harbor, a national insurance company headquartered in Connecticut, regularly conducts business in North Carolina.

3. From January 1, 2013 through January 1, 2014, Indian Harbor provided professional liability insurance coverage to Medical Mutual under Indian Harbor insurance policy number ELU124059-13 (the "Indian Harbor Policy"). The Indian Harbor Policy provided Medical Mutual $5,000,000 insurance coverage for any claim made against Medical Mutual during the coverage period for acts described in the Indian Harbor Policy.

4. Subject to a $1,000,000 retention, the Indian Harbor Policy required Indian Harbor to pay all losses sustained by Medical Mutual in relation to a covered claim, including

"Defense Expenses." The Indian Harbor Policy defines "Defense Expenses" to include all "reasonable legal fees and expenses incurred by or on behalf of [Medical Mutual] in the defense or appeal of any Claim, . . . "

5. Under a Physicians' and Surgeons' Professional Liability Insurance Policy, Medical Mutual insured Arleen Thom, M.D. for claims of medical malpractice, up to a coverage limit of $1,000,000.

6. On May 21, 2008, a medical malpractice lawsuit was filed against Dr. Thom: *Nicholson v. Thom*, Robeson County Superior Court, case No. 08-CVS-1845 (the "Nicholson Action").

7. Medical Mutual hired counsel to defend Dr. Thom in the Nicholson Action. On October 12, 2012, the jury returned a verdict in the Nicholson Action against Dr. Thom in the amount of $5,800,000. After deducting pre-trial settlement payments by other defendants, the Court in the Nicholson Action entered judgment against Dr. Thom in the amount of $4,650,000, plus prejudgment interest.

8. Because the amount of the judgment exceeded the $1,000,000 coverage Medical Mutual provided to Dr. Thom, she sued Medical Mutual on November 4, 2013: *Thom v. Medical Mutual Insurance Company of North Carolina*, Cumberland County Superior Court, case No. 13-CVS-8513 (the "Thom Action").

9. The claims asserted in the Thom Action were based on alleged acts and omissions by Medical Mutual within the coverage provided to Medical Mutual under the Indian Harbor Policy.

10. The Thom Action was based on the judgment in the Nicholson Action. Therefore, successfully appealing the judgment in the Nicholson Action was essential to a successful defense in the Thom Action. Indeed, the two actions were so inextricably intertwined,

and the Nicholson Action appeal was such a vital part of defending the Thom Action, that the parties and Court in the Thom Action agreed to a complete stay pending resolution of the Nicholson Action appeal.

11. In accordance with its duties under the Indian Harbor Policy, and in furtherance of the Indian Harbor's direct financial interests, Medical Mutual engaged counsel and advanced the funds necessary to appeal the Nicholson Action judgment. A successful appeal in the Nicholson Action would eliminate most, if not all, of Indian Harbor's more than $4,000,000 liability exposure in the Thom Action. Indian Harbor supported the appeal.

12. Medical Mutual's appeal of the judgment in the Nicholson Action was successful, and Indian Harbor was the beneficiary of the successful appeal because it eliminated most of Indian Harbor's more than $4,000,000 liability exposure in the Thom Action. Successful appeal of the judgment in the Nicholson Action led directly to favorable settlements of both the Nicholson Action and the Thom Action.

13. Medical Mutual requested that Indian Harbor pay the $147,168.88 in defense costs Medical Mutual incurred in the successful appeal of the judgment in the Nicholson Action, in accordance with Indian Harbor's obligations under the Indian Harbor Policy.

14. Indian Harbor denied coverage for the $147,168.88 in defense costs.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Breach of Contract)**

15. Medical Mutual incorporates the contents of paragraphs 1 through 14.

16. At all times relevant to this action, the Indian Harbor Policy was a binding and enforceable contract between Medical Mutual and Indian Harbor.

17. Medical Mutual has fulfilled all of its duties and obligations under the Indian Harbor Policy.

18. Under the terms of the Indian Harbor Policy, Medical Mutual is entitled to reimbursement of the $147,168.88 Medical Mutual incurred in the successful appeal of the judgment in the Nicholson Action.

19. Indian Harbor's refusal to reimburse the $147,168.88 Medical Mutual incurred in the successful appeal of the judgment in the Nicholson Action constituted a material breach of Indian Harbor's obligations under the Indian Harbor Policy.

20. Medical Mutual has suffered a loss in the amount of $147,688.88 as the direct and proximate result of Indian Harbor's material breach of the Indian Harbor Policy.

## SECOND CLAIM FOR RELIEF
**(*Quantum Meruit*)**

21. Medical Mutual incorporates the contents of paragraphs 1 through 20.

22. The effort and money Medical Mutual invested in the successful appeal of the Nicholson Action judgment were to Indian Harbor's direct and substantial benefit.

23. Indian Harbor was aware of and accepted the effort and money Medical Mutual invested in the successful appeal of the Nicholson Action judgment.

24. Medical Mutual did not invest the effort and money to achieve the successful appeal of the Nicholson Action judgment gratuitously, and both parties understood that Medical Mutual expected payment therefor.

25. The reasonable value to Indian River of Medical Mutual's successful appeal of the Nicholson Action Judgement was in excess of $4,000,000.

26. Pursuant to the doctrine of *quantum meruit*, Medical Mutual is entitled to recover $4,000,000 from Indian Harbor.

## JURY DEMAND

In accordance with Rule 38 of the North Carolina Rules of Civil Procedure, Medical Mutual demands trial by jury of all issues so triable.

WHEREFORE, Medical Mutual respectfully requests the following relief:

1. On the First Claim for Relief, enter Judgment against Indian Harbor in the amount of $147,688.88, plus attorneys' fees and prejudgment interest;

2. On the Second Claim for Relief, enter Judgment against Indian Harbor in the amount of $4,000,000, plus attorneys' fees and prejudgment interest; and

3. Award Medical Mutual all further relief the Court deems just and equitable.

This 20th day of October, 2016.

R. Steven DeGeorge
N.C. Bar No. 20723

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
(704) 377-8380
sdegeorge@rbh.com

Attorneys for Plaintiff
Medical Mutual Insurance Company of North Carolina

**STATE OF NORTH CAROLINA**

File No. 16-CVS- 16CVS13303

WAKE County

FILED [stamp: WAKE COUNTY, C.S.C. BY ___]

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name And Address Of Plaintiff 1
**MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA**

Name And Address Of Plaintiff 2

**GENERAL**

**CIVIL ACTION COVER SHEET**

☒ **INITIAL FILING** ☐ **SUBSEQUENT FILING**

Rule 5(b), General Rules of Practice For Superior and District Courts

Name And Address Of Attorney Or Party, If Not Represented *(complete for initial appearance or change of address)*

R. Steven DeGeorge

101 N. Tryon Street, Suite 1900
Charlotte, NC 28246

**VERSUS**

Name of Defendant 1
**INDIAN HARBOR INSURANCE COMPANY**

Telephone No.
704-377-2536

Cell Telephone No.

NC Attorney Bar No.
20723

Attorney E-Mail Address
sdegeorge@robinsonbradshaw.com

Summons Submitted
☒ Yes ☐ No

☒ Initial Appearance in Case ☐ Change of Address

Name of Defendant 2

Name Of Firm
Robinson, Bradshaw & Hinson, P.A.

FAX No. 704-378-4000

Summons Submitted
☐ Yes ☐ No

Counsel for
☒ All Plaintiffs ☐ All Defendants ☐ Only *(List party(ies) represented)*

☒ Jury Demanded in Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

**TYPE OF PLEADING**

*(check all that apply)*
☐ Amend (AMND) *Assess Motions Fee* (SEE NOTE)
☐ Amended Answer/Reply (AMND-Response) *Assess Motions Fee* (SEE NOTE)
☐ Amended Complaint (AMND) *Assess Motions Fee*
☐ Answer/Reply (ANSW-Response) (SEE NOTE)
☐ Change Venue (CHVN) *Assess Motions Fee*
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL) *Assess Motions Fee*
☐ Contempt (CNTP) *Assess Motions Fee*
☐ Continue (CNTN) *Assess Motions Fee*
☐ Compel (CMPL) *Assess Motions Fee*
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim (List On Back) (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD) *Assess Motions Fee*
☐ Extend Statute Of Limitations, Rule 9 (ESOL) *Assess Motions Fee*
☐ Extend Time For Complaint (EXCO) *Assess Motions Fee*

*(check all that apply)*
☐ Failure to Join Necessary Party (FJNP) *Assess Motions Fee*
☐ Failure to State A Claim (FASC)
☐ Improper Venue/Division (IMVN) *Assess Motions Fee*
☐ Intervene (INTR) *Assess Motions Fee*
☐ Interplead (OTHR) *Assess Motions Fee*
☐ Lack Of Jurisdiction (Person) (LJPN) *Assess Motions Fee*
☐ Lack Of Jurisdiction (Subject Matter) (LJSM) *Assess Motions Fee*
☐ Rule 12 Motion In Lieu of Answer (MDLA) *Assess Motions Fee*
☐ Sanctions (SANC) *Assess Motions Fee*
☐ Set Aside (OTHR) *Assess Motions Fee*
☐ Show Cause (SHOW) *Assess Motions Fee*
☐ Transfer (TRFR) *Assess Motions Fee*
☐ Third Party Complaint (List Third Party Defendants on Back) (TPCL)
☐ Vacate/Modify Judgment (VCMD) *Assess Motions Fee*
☐ Withdraw as Counsel (WDCN) *Assess Motions Fee*
☐ Other *(specify and list each separately)*

**CLAIMS FOR RELIEF**

☐ Administrative Appeal (ADMA)
☐ Appointment Of Receiver (APRC)
☐ Attachment/Garnishment (ATTC)
☐ Claim And Delivery (CLMD)
☐ Collection On Account (ACCT)
☐ Condemnation (CNDM)
☒ Contract (CNTR)
☐ Discovery Scheduling Order (DSCH)

☐ Injunction (INJU)
☐ Medical Malpractice (MDML)
☐ Minor Settlement (MSTL)
☐ Money Owed (MNYO)
☐ Negligence – Motor Vehicle (MVNG)
☐ Negligence – Other (NEGO)
☐ Motor Vehicle Lien G.S. 44A (MVLN)

☐ Limited Driving Privilege – Out-Of-State Convictions (PLDP)
☐ Possession Of Personal Property (POPP)
☐ Product Liability (PROD)
☐ Real Property (RLPR)
☐ Specific Performance (SPPR)
☒ Other (specify and list separately): Quantum Meruit

Date
October 20, 2016

Signature Of Attorney/Party
[signature]

Assess Costs (COST) Including Attorney's Fees (ATTY)

Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)

Modification Of Child Support In IV-D Actions (MSUP)

Notice Of Dismissal With Or Without Prejudice (VOLD)

Petition To Sue As Indigent (OTHR)

**DO NOT CHARGE MOTIONS FEE. FEES IN G.S. 7A-308 APPLY**

Assert Right Of Access (ARAS)

Substitution Of Trustee (Judicial Foreclosure) (RSOT)

Supplemental Procedures (SUPR)

**DO NOT CHARGE MOTIONS FEE. OTHER FEES APPLY**

Motion For Out-of-State Attorney To Appear in NC Courts In A Civil Or Criminal Matter (Out Of State Attorney/Pro Hac Vice Fee)

Request For Subpoena By Out-Of-State Attorney

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

**North Carolina**
**DEPARTMENT OF INSURANCE**
*1201 Mail Service Center*
*Raleigh, NC 27699-1201*

CERTIFIED MAIL®

7014 2120 0002 1431 6682

Hasler
11/09/2016
US POSTAGE
FIRST-CLASS MAIL
$07.36

Indian Harbor Insurance Company
Seaview House
70 Seaview Avenue
Stamford, CT 06902-6040

BACK
DOOR

ORIGIN ID:JSDA (203) 964-5263
KIMBERLY ADAMS
XL AMERICA INC.
70 SEAVIEW AVENUE
SEAVIEW HOUSE
STAMFORD, CT 06902
UNITED STATES US

SHIP DATE: 21NOV16
ACTWGT: 1.00 LB
CAD: 5785286/INET3790

BILL SENDER

TO BARBARA A. BROWN
X.L. EXTON
505 EAGLEVIEW BLVD
EXTON PA 19341
(610) 968-9049 REF: LEGAL/ADAMS
INV:
PO: DEPT:

544J3/CBB1/14E8

FedEx Express

J162016101201uv

TRK# 0201 7777 6221 6160

TUE - 22 NOV 10:30A
PRIORITY OVERNIGHT

EE NMZA

19341
PA-US PHL

---

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.