**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION-RALEIGH**
**Case No. 5:16-cv-930**

| | |
|---|---|
| **MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**INDIAN HARBOR INSURANCE COMPANY,**<br><br>**Defendant.** | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS *QUANTUM MERUIT* CLAIM** |

## NATURE OF MATTER BEFORE THE COURT

Plaintiff Medical Mutual Insurance Company of North Carolina ("Medical Mutual") sues Defendant Indian Harbor Insurance Company ("Indian Harbor") to recover certain expenses under an Indian Harbor insurance policy or, if the policy is inapplicable, to recover the fair value of the benefit conferred on Indian Harbor under the doctrine of *quantum meruit*.

Indian Harbor denies a relationship between the insurance policy and the subject expenses. If Indian Harbor is correct, Medical Mutual would be entitled to pursue recovery under *quantum meruit*. Indian Harbor has nonetheless moved to dismiss the *quantum meruit* claim on the erroneous argument that an express contract bars a *quantum meruit* claim as a matter of law.

## **PERTINENT FACTS**[1]

From January 1, 2013 through January 1, 2014, Indian Harbor provided professional liability insurance coverage to Medical Mutual under Indian Harbor insurance policy number ELU124059-13 (the "Indian Harbor Policy"). The Indian Harbor Policy provided Medical Mutual $5,000,000 insurance coverage for any claim made against Medical Mutual during the coverage period for acts described in the Indian Harbor Policy.

The Indian Harbor Policy required Indian Harbor to pay all "Loss" sustained by Medical Mutual in relation to a covered "Claim", including "Defense Expenses." The Indian Harbor Policy defines "Defense Expenses" to include all "reasonable legal fees and expenses incurred by or on behalf of [Medical Mutual] in the defense or appeal of any Claim, . . . "

Medical Mutual insured Arleen Thom, M.D. for claims of medical malpractice, up to a coverage limit of $1,000,000. In 2008, a malpractice lawsuit was filed against Dr. Thom: *Nicholson v. Thom*, Robeson County Superior Court, case No. 08-CVS-1845 (the "Nicholson Action").

---

[1] The facts recited herein are taken from Medical Mutual's Complaint and "are presumed to be true" for purposes of the Motion to Dismiss, and "the court must view those facts in the light most favorable to [Medical Mutual]." *Scott v. Teachers Ins. and Annuity Ass'n of America*, 2013 WL 2948315 at *3 (W.D.N.C. June 14, 2013), *citing*, *Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 179 (4th Cir. 2000).

Medical Mutual hired counsel to defend Dr. Thom in the Nicholson Action. On October 12, 2012, the jury returned a verdict against Dr. Thom, and judgment was entered in the amount of $4,650,000, plus prejudgment interest.

Because the amount of the judgment exceeded the $1,000,000 coverage Medical Mutual provided to Dr. Thom, she sued Medical Mutual: *Thom v. Medical Mutual Insurance Company of North Carolina*, Cumberland County Superior Court, case No. 13-CVS-8513 (the "Thom Action"). The claims asserted in the Thom Action were based on alleged acts and omissions by Medical Mutual within its coverage under the Indian Harbor Policy, and Indian Harbor acknowledged coverage.

The Thom Action was based entirely on the judgment in the Nicholson Action. Therefore, successfully appealing the judgment in the Nicholson Action was essential to a successful defense in the Thom Action. Indeed, the Nicholson Action appeal was such a vital part of defending the Thom Action that the parties and Court in the Thom Action agreed to a complete stay pending resolution of the Nicholson Action appeal.

In furtherance of Indian Harbor's direct financial interests, and with Indian Harbor's knowledge and consent, Medical Mutual advanced the funds necessary to appeal the Nicholson Action judgment. A successful appeal in the Nicholson Action would eliminate most, if not all, of Indian Harbor's more than $4,000,000 liability exposure in the Thom Action. Indian Harbor supported the appeal.

Medical Mutual's appeal in the Nicholson Action was successful, and Indian Harbor was the direct beneficiary of the successful appeal because it eliminated most of Indian Harbor's more than $4,000,000 liability exposure in the Thom Action.

Medical Mutual requested that Indian Harbor reimburse the $147,168.88 Medical Mutual spent successfully appealing the judgment in the Nicholson Action (the "Appeal Expenses"). Despite that the successful appeal saved Indian Harbor $4,000,000, Indian Harbor denied coverage for the Appeal Expenses, disavowing any relationship between the Indian Harbor Policy and the Appeal Expenses. Indeed, Indian Harbor declared in its coverage denial letter that the Appeal Expenses are not a "Loss" or reimbursable "Defense Expenses" envisaged by the Indian Harbor Policy, and that the Nicholson Action appeal does not even involve a "Claim" recognized by the Indian Harbor Policy. (Attached as Exhibit A.) (*See also* Docket 1-2 at ¶ 18; Docket 9 at ¶ 18.)

**ARGUMENT**

*Quantum meruit* is an equitable doctrine that ensures payment for a benefit conferred where it would be "unfair for the recipient to retain [the benefit] without the contributor being repaid or compensated." *Mountain Land Properties, Inc. v. Lovell*, 46 F.Supp.3d 609, 629 (W.D.N.C. 2014) (citation omitted). "To recover in *quantum meruit*, a plaintiff must show that 'it conferred a benefit on another party, that the other party consciously accepted the benefit, and that the benefit was not

conferred gratuitously or by an interference in the affairs of the other party.'" *Recycling Equip., Inc. v. E Recycling Sys., LLC*, 2014 WL 6977766 at *6 (W.D.N.C. Dec. 9, 2014) (citation omitted).

There is no dispute that Medical Mutual's Complaint alleges the necessary facts and elements of *quantum meruit*. Indian Harbor's Motion to Dismiss rests entirely on the mistaken premise that the existence of a contract between the parties bars the *quantum meruit* claim as a matter of law. (Docket 8 at pp. 8-11.) Such a rigid proscription has no place in equity, the "hallmark" of which is "flexibility." *Thompson v. U.S. Dept. of Housing* & *Urban Dev.*, 404 F.3d 821, 830 (4th Cir. 2005).

"North Carolina courts have long permitted parties to plead *quantum meruit* as an alternative claim to breach of contract where . . . the alleged services provided by the plaintiff to the defendant arose from conduct that was not covered by the express contract." *Mikels v. Unique Tool & Mfg. Co., Inc.,* 2007 WL 4284727 at *8 (W.D.N.C. Dec. 3, 2007) (citations omitted). *See also Atlantic Coast Line Ry. Co. v. State Highway Comm'n*, 268 N.C. 92, 95-96, 150 S.E.2d 70, 73 (1966) ("where services are rendered and expenditures made by one party to or for the benefit of another without an express contract to pay, the law will imply a promise to pay a fair consideration therefor.")

The proper focus, therefore, is "not on whether there was a contract between the parties", but rather "whether there is an express contract ***on the subject matter***

***at issue***." *Lawyers Paralegal Training Programs, LLC v. Guilford College*, 225 N.C.App. 531, 737 S.E.2d 191, (2013) (emphasis supplied), *quoting, Ron Medlin Constr. v. Harris*, 199 N.C.App. 491, 495, 681 S.E.2d 807, 810 (2009), *modified on other grounds and aff'd*, 364 N.C. 577, 704 S.E.2d 486 (2010). *Accord*, *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, 2010 WL 3767126 at *4 (E.D.N.C. Sept. 24, 2010) (same); *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713-14, 124 S.E.2d 905, 908 (1962)(express contract precludes *quantum meruit* only where contract covers "the whole subject matter" between parties).

Determining whether a contract covers the same subject matter as a *quantum meruit* claim is "a fact specific analysis." *Campbell Oil Co. v. Amerigas Propane, LP*, 2016 NCNB 50, 2016 WL 3917805 at *3 (N.C. Bus. Ct. July 8, 2016). Of course, factual disputes may not be weighed or resolved in relation to a Rule 12(b)(6) motion to dismiss. *E.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999); *Silvers v. Iredell Cty. Dept. of Social Services*, 2016 WL 1532257 at *1 (W.D.N.C. Apr. 15, 2016).

Under Federal Civil Rules 8(d)(2) and (3), a plaintiff may pursue breach of contract and *quantum meruit*/unjust enrichment as alternative or inconsistent theories. *E.g., Atlantic Skanska, Inc. v. City of Charlotte*, 2007 WL 3224985 at *4

(W.D.N.C. Oct. 30, 2007).[2] Although a plaintiff may not prevail on both claims, they may coexist such that the *quantum meruit* claim "assumes that the contract claim will fail." *Triad Packaging, Inc. v. SupplyOne, Inc*., 925 F.Supp.2d 774, 788 (W.D.N.C. 2013), *aff'd in part, vacated in part on other grounds*, 597 Fed.Appx. 734 (4th Cir. 2015), *citing, TSC Research, LLC v. Bayer Chem. Corp*., 552 F.Supp.2d 534 (M.D.N.C. 2008). Indeed, "[a]t the pleading stage, [Medical Mutual] is not required to guess whether it will be successful on its contract claim or its quasi-contract claim." *Thimbler, Inc. v. Unique Solutions Design, Ltd*., 2013 WL 4854514 at *6 (M.D.N.C. Sept. 11, 2013) (citation omitted). *See also Thormer v. Lexington Mail Order Co*., 241 N.C. 249, 253, 85 S.E.2d 140, 143 (1954) ("Where plaintiff sues to recover for services rendered to defendant, failure to prove the alleged special contract to pay therefor precludes recovery thereon; but where services so rendered and accepted by defendant, plaintiff may recover upon quantum meruit.")

This Court's analysis in *Mikels* is instructive. There, it was undisputed that the parties entered into an express contract for defendant to pay sales commissions to plaintiff. 2007 WL 4284727 at *2. In addition to breach of contract, plaintiff asserted a *quantum meruit* claim because the record indicated the express contract did not cover whether and to what extent defendant would pay commissions on

[2] A complaint need not specifically recite these claims "in the alternative", particularly where the plaintiff's briefing states this intention. *Atlantic Skanska* at *4.

sales made after termination of the parties' relationship. *Id*. at *9-10. On this basis, this Court denied defendant's summary judgment motion on the *quantum meruit* claim. *Id*.

Guidance is also provided by *Atkinson v. Reikowsky*, 2013 WL 5945660 (N.C.App. Nov. 5, 2013) and *Carolantic Realty, Inc. v. Matco Group, Inc*., 151 N.C.App. 464, 566 S.E.2d 134 (2002).

In *Atkinson*, the parties had an express contract under which plaintiff agreed to renovate a house owned by defendant, in exchange for which plaintiff was allowed to live in the house. 2013 WL 5945660 at *2. The contract did not specifically address how the parties were to share the cost of materials used in the renovation. The Court of Appeals found that the existence of the express contract did not preclude an unjust enrichment claim, unless the express contract covers "the whole subject matter" of the parties' relationship, including the specific "dispute at issue." *Id*. (citations omitted). Because the parties' contract "did not address the subject matter of the conflict between the parties", the Court of Appeals found no error in trial court's allowance of the unjust enrichment claim. *Id*.

The plaintiff in *Carolantic* sued to recover a real estate commission. Plaintiff asserted both breach of contract and *quantum meruit* claims, notwithstanding that the parties had a valid, written contract for defendant to pay a commission to plaintiff. 151 N.C.App. at 465, 566 S.E.2d at 135. The Court of

Appeals found that the plaintiff was "not entitled to a commission" under the contract because its services went beyond the period specified in the contract. 151 N.C.App. at 469, 566 S.E.2d at 138. Because the contract did not contemplate payment of a commission outside the contract period, the Court allowed the plaintiff to pursue its *quantum meruit* claim to recover a commission, notwithstanding the parties' express contract. 151 N.C.App. at 470-71, 566 S.E.2d at 138-39. This Court cited *Carolantic* favorably in *Mikels.* 2007 WL 4284727 at *8.

Here, although there is a contract between the parties, they disagree whether the Hanover Policy pertains to reimbursement of the Appeal Expenses incurred by Medical Mutual for Hanover's benefit and with Hanover's consent. By its breach of contract claim, Medical Mutual alleges that the Hanover Policy covers the Appeal Expenses. The alternative *quantum meruit* claim accounts for the possibility that "the contract claim will fail" because it does not address reimbursement of the Appeal Expenses, in which case Medical Mutual will be entitled to seek *quantum meruit* recovery of the value of the benefit conferred on Hanover. *Triad Packaging*, 925 F.Supp.2d at 788; *Mikels*, 2007 WL4284727 at *9-10. Indeed, Indian Harbor disavows any relationship between the Indian Harbor Policy and the Appeal Expenses, declaring in its coverage denial letter that the Appeal Expenses are not reimbursable "Defense Expenses" envisaged by the Indian Harbor Policy, and that the Nicholson Action appeal does not even involve

a “Claim” recognized by the Indian Harbor Policy. (Attached as Exhibit A.) (*See also* Docket 1-2 at ¶ 18; Docket 9 at ¶ 18.) If the Court determines that Hanover’s position on the contract correct, governing law will allow Medical Mutual to pursue its *quantum meruit* claim.

## **CONCLUSION**

Based on the foregoing, Medical Mutual respectfully submits that Hanover’s Motion to Dismiss should be denied.

This 22nd day of December, 2016.

s/ R. Steven DeGeorge
R. Steven DeGeorge
N.C. Bar No. 20723

ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
(704) 377-8380
sdegeorge@robinsonbradshaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** has been served using the Court's ECF System.

This 22nd day of December, 2016.

/s/ R. Steven DeGeorge
R. Steven DeGeorge
N.C. Bar No. 20723

ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
(704) 377-8380
sdegeorge@robinsonbradshaw.com

*Attorneys for Plaintiff*