IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION-RALEIGH
Case No. 5:16-cv-930-D

| | |
|---|---|
| **MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA,** Plaintiff, <br><br> v. <br><br> **INDIAN HARBOR INSURANCE COMPANY,** <br><br> Defendant. | **CONSENT PROTECTIVE ORDER** |

Plaintiff Medical Mutual Insurance Company of North Carolina ("Medical Mutual") and Defendant Indian Harbor Insurance Company ("Indian Harbor") (each individually a "Party" and collectively "the Parties"), by and through their respective counsel, have jointly stipulated to the terms of the following Protective Order:

## SCOPE

1. This Protective Order applies to all disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided or disclosed in the course of this action by any Party (the "Producing Party") to any Party (the "Receiving Party") which may be subject to restrictions on disclosure under this Protective Order, and information derived directly therefrom (all such information hereinafter referred to as "Material"). This Protective Order also applies to all information, documents, and things derived from the Material, including, without limitation, copies, summaries, or abstracts.

This Protective Order is subject to the Local Civil Rules and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. This Protective Order has no effect upon, and does not apply to, a Party's use of its own confidential information for any purpose.

3. All Material designated in the course of the above-captioned litigation ("Litigation") as "Confidential," as that term is defined in Paragraph 6, is to be used only for the purpose of preparation and trial of this Litigation, and any appeal therefrom, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint stock company, limited liability company, trust, unincorporated organization, government body or other entity (collectively "Person") except in accordance with the terms hereof.

4. Notwithstanding anything to the contrary, nothing in this Protective Order prevents the disclosure of any confidential information to lawyers, accountants, auditors, insurance brokers, insurers/reinsurers (if any), together with such insurers/reinsurers' third-party service providers, actuaries or intermediaries or regulators (collectively "Recipients"), provided the disclosure is reasonably necessary to effectuate the terms of this Protective Order or is required for tax, financial reporting, or governmental compliance purposes, or to transact the business of insurance. Prior to disclosure, the Recipients are to be informed of the confidential nature of the information and agree to keep such information confidential.

5. The attorney-client privilege, work product protection, or any other applicable privilege or doctrine is not waived by disclosure of Material in the Litigation, and any such disclosure shall also not constitute a waiver in any other federal or state proceeding.

## DEFINITIONS

6. "Confidential" means Material that the Producing Party has treated as confidential in the ordinary course of business, which must not have been disclosed publicly, and with respect to which the Producing Party has made a good faith determination that the Material contains information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Such information may be disclosed to only Qualified Persons as defined in Paragraph 7 below.

7. With respect to Confidential Material, "Qualified Persons" means:

(a) Judges and court personnel of this Court; judges and personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to the Litigation (including any appeal); and certified court reporters acting as such (along with videographers);

(b) Counsel of record for the Parties in the Litigation and employees in those law firms whose functions require access to Materials produced pursuant to this Protective Order;

(c) Any current director, officer, trustee, principal, manager or employee of either Party, who is not otherwise prohibited by this Protective Order from seeing Confidential Material;

(d) Any former director, officer, trustee, principal, manager or employee of either Party, who is not otherwise prohibited by this Protective Order from seeing Confidential Material, subject to the execution by each such former director, officer,

trustee, principal, manager or employee of the Confidentiality Agreement to be bound by the terms of this Protective Order attached hereto as Exhibit A;

(e) Any independent expert or consultant engaged by a Party or any attorney described in Paragraph 7(b) solely to assist in the Litigation, including the expert or consultant's administrative and clerical personnel, subject to the execution by each independent expert or consultant of the Confidentiality Agreement to be bound by the terms of this Protective Order attached hereto as Exhibit A;

(f) Any Person who authored and/or was an identified original recipient of the Confidential Material sought to be disclosed to that Person; or

(g) Any other Person whom the Producing Party agrees in writing may be provided with Material protected by this Protective Order.

## DESIGNATION AS "CONFIDENTIAL"

8. The designation as "Confidential" for purposes of this Protective Order is to be made in the following manner by the Producing Party:

(a) <u>Paper Documents and Physical Exhibits</u>: Affixing the legend "Confidential" to each page containing confidential information.

(b) <u>Magnetic or Optical-Media Documents</u>: Including the designation on each image.

(c) <u>Depositions</u>: By indicating on the record at the deposition that the testimony is Confidential and to be treated in accordance with this Protective Order. In that case, the reporter is to mark the cover page of the transcript "Confidential" (or, where appropriate, particular page numbers and lines). If a designation is not marked on the record, all Parties are to treat the transcript as having been designated Confidential for

a period of thirty (30) days following receipt of the transcript. During that thirty (30) day period, any Party may designate testimony as Confidential by notifying all other Parties and the court reporter in writing of the specific pages and lines to be designated.

(d) <u>Responses to Written Discovery</u>: Responses to Interrogatories under Federal Rule 33 and Requests for Admission under Federal Rule 36 containing Confidential Material shall be labeled Confidential.

9. Other than court personnel, the recipient of any Confidential Material is to maintain such Material in a secure and safe area to which access is limited, or otherwise use available methods to restrict access to Qualified Persons only. Confidential Material shall not be copied, reproduced, summarized or extracted, except to the extent that such copying, reproduction, summarization or extraction is reasonably necessary for the conduct of the Litigation. All such copies, reproductions, summaries and extractions are subject to the terms of this Protective Order, and must be labeled Confidential.

10. Before a Party files any Confidential Material (or any pleading, motion or memorandum referring to such Material) so designated by the Producing Party, counsel for the filing Party shall confer with counsel for Producing Party about how the Confidential Material should be filed. If the Producing Party desires that the Confidential Material be filed under seal, then the filing Party shall file the Confidential Materials in accordance with Local Rule 79.2, with notice served on the Producing Party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the Producing Party shall file a motion to seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the Confidential Information. The Party that filed the Confidential Material under seal need not file any such motion to seal or otherwise defend

the Producing Party's desire that the Confidential Materials remain sealed. The Court will grant the motion to seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Confidential Information submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the Party desiring that the Confidential Information be maintained under seal does not timely file a motion to seal, then the Confidential Information will be deemed unsealed, without need for an order of the Court

## **CHALLENGES TO DESIGNATIONS**

11. At any time after the receipt of any Material designated "Confidential," counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Producing Party. Such notice must identify the Material that the challenging Party claims should not be afforded the specified confidential treatment and the reasons supporting the challenge. After notice of the challenge, the Parties are to confer and in good faith attempt to resolve the challenge. If the Parties are unable to resolve the challenge, the Receiving Party may move the Court for appropriate relief. The Party seeking a designation as Confidential bears the burden of establishing that any Material in dispute is entitled to protection from unrestricted disclosure and to such designation. All Material that a Party designates as Confidential is to be accorded such status pursuant to the terms of this Protective Order unless and until the Parties agree in writing to the contrary or a determination is made by the Court as to the confidential status.

12. If a Receiving Party receives a subpoena, discovery request (other than a request propounded in this Litigation), an administrative or regulatory demand or court order requiring the disclosure of Confidential Material produced pursuant to this Protective Order, the Receiving Party shall provide notice to the Producing Party within five (5) business days, and in any event prior to the Receiving Party's disclosure of Confidential Material.

## INADVERTENT PRODUCTION AND DISCLOSURE

13. The Parties are to make a good faith effort to designate Material properly at the time of production. However, inadvertent or unintentional disclosure by any Party of Material without any designation will not be deemed a waiver of a Party's claim of confidentiality, privilege, or any other protection, either as to the specific document or information contained therein, and the Parties, upon notice thereafter, are to treat such Material as Confidential. A Receiving Party is to make a good faith effort to locate and mark appropriately any Material upon receipt of such notice. If, between the time of production and notification, the subject Material was provided by a Receiving Party to persons other than Qualified Persons as defined herein, the Receiving Party shall promptly notify all non-Qualified Persons to whom the subject Material had been disclosed of such material's Confidential designation and request that all such non-Qualified Persons return such Material to the Receiving Party or execute the Confidentiality Agreement to be bound by the terms of this Protective Order attached hereto as Exhibit A. In the event that any non-Qualified Person to whom such Material had been disclosed fails or declines to return the Confidential Material or execute Exhibit A, the Receiving Party shall promptly notify the Producing Party and not oppose any reasonable efforts by the Producing Party to retrieve the Confidential Material from the non-Qualified Person or obtain the non-Qualified Person's agreement to abide by the terms of this Protective Order.

## CONFIDENTAL MATERIAL AFTER TERMINATION OF LITIGATION

14. After termination of the Litigation, including any appeals, the provisions of this Protective Order will continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Protective Order following termination of this Litigation.

## DUTY TO COMPLY WITH THE PROTECTIVE ORDER

15. Any Party designating any person as a Qualified Person has a duty to reasonably insure that such Person observes the terms of this Protective Order and, upon a judicial finding of good cause, may be held responsible upon breach of such duty for the failure of any Person to observe the terms of this Protective Order.

16. By stipulation, the Parties may provide for exceptions to this Protective Order, and any Party may seek an order of this Court modifying the Protective Order.

## NO PRIOR JUDICIAL DETERMINATION

17. This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Confidential Material so designated for protection under this Protective Order is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

## PERSONS BOUND

18. This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Protective Order by its terms.

THE PARTIES SO STIPULATE and agree to abide by the terms of this Protective Order.

| | |
|---|---|
| /s/ R. Steven DeGeorge | /s/ Gary P. Seligman |
| R. Steven DeGeorge | GARY P. SELIGMAN |
| | |
| ROBINSON BRADSHAW & HINSON | WILEY REIN, LLP |
| 101 North Tryon Street, Suite 1900 | 1776 K Street NW |
| Charlotte, NC 28246 | Washington, DC 20006 |
| Phone: (704) 377-8380 | Phone: (202) 719-3587 |
| Fax: (704) 376-4000 | Fax: (202) 719-7049 |
| Email: sdegeorge@rbh.com | Email: gseligman@wileyrein.com |
| | |
| Attorney for Plaintiff | Attorney for Defendant |
| Medical Mutual Insurance Company of North Carolina | Indian Harbor Insurance Company (Special Appearance per L. Civ. R. 83.1(e)) |

SO ORDERED:

Dated: March 13, 2017

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby acknowledge that I have received and read a copy of the Consent Protective Order ("Order") entered in *Medical Mutual Insurance Company of North Carolina v. Indian Harbor Insurance Company*, United States District Court, Eastern District of North Carolina, Case No. 5:16-cv-930-D (hereinafter the "Action"), and understand the terms thereof and agree to be bound thereby.

I further acknowledge and understand that any documents and other information produced in the Action (*i.e.,* documents, testimony, written discovery responses and other information provided in the course of pretrial discovery and any information contained therein or derived therefrom) and designated or marked "Confidential" pursuant to the Order may not be disclosed to anyone, except as authorized by the Order, and may not be used for any purpose other than the purposes of the Action. I agree to return (or, upon request, destroy) any Confidential Material at the conclusion of the Action.

Dated: _____, 2017.

_____
Print Name

_____
Signature